UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHINIQUE WINZER<br>*on behalf of X.M.J., a minor child*,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY.<br><br>Defendant. | Case No.  1:26-cv-03869-FJS<br><br>ORDER REQUIRING PLAINTIFF MAKE A SUFFICIENT SHOWING THAT NO APPOINTMENT OF A GUARDIAN AD LITEM IS NECESSARY PURSUANT TO LOCAL RULE 202(a)<br><br>ORDER REQUIRING PLAINTIFF AND HER GUARDIAN AD LITEM TO FILE SEPARATE LONG FORM APPLICATIONS TO PROCEED IN FORMA PAUPERIS<br><br>(ECF No. 2)<br><br><u>TWENTY-ONE DAY DEADLINE</u> |

Shinique Winzer, on behalf of X.M.J., a minor child ("Plaintiff") filed a social security complaint on May 20, 2026. (ECF No. 1.) Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Plaintiff applied to proceed in district court without prepaying fees or costs (short form) – AO 240. (ECF No. 2.) The short form appears to be submitted on behalf of Plaintiff but seems to reflect the financial resources of Shinique Winzer. (*See* ECF No. 2.) Plaintiff has not filed a motion to appoint Shinique Winzer as Plaintiff's guardian ad litem nor has she made sufficient showing that no appointment of a guardian ad litem is necessary pursuant to Local Rule 202(a).

As to the *in forma pauperis* application, the court may authorize the commencement of

an action without prepayment of fees for "a person who submits an affidavit that includes a statement of all assets . . . [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Additionally, "where leave to proceed *in forma pauperis* is sought to vindicate the alleged substantive rights of a minor, the financial resources of both the minor and the volunteer parent, next friend, or guardian ad litem should be considered in determining ability to pay the costs of litigation." *Chavez v. Loma Linda Med. Ctr.*, No. 22-cv-01268, 2022 WL 19827571, at *2 (C.D. Cal. Aug. 1, 2022).

Accordingly, the court will order Plaintiff and her guardian to complete and file separate long forms, each reflecting their own financial resources. If Plaintiff is unwilling to complete and submit two separate long form applications, Plaintiff must pay the filing fee in full.

As to compliance with Local Rule 202(a), if Plaintiff seeks to appoint Shinique Winzer as guardian ad litem, Plaintiff may do so by, for example, coupling a motion with a signed and sworn declaration that Shinique Winzer is the legal parent and guardian of X.M.J., that she is able to serve as a representative for X.M.J., and that she has no conflicting interests. If Plaintiff believes a guardian ad litem is not necessary, Plaintiff may present a signed and sworn declaration making an appropriate showing.

Based upon the foregoing, it is HEREBY ORDERED that:

1. The clerk of the court is directed to forward an application to proceed in district court without prepaying fees or costs (long form) – AO 239 to Plaintiff;

2. Within twenty-one (21) days of the date of this order, Plaintiff shall either (1) pay the $405.00 filing fee for this action, or (2) complete and file two separate applications to proceed in district court without prepaying fees or costs (long form) – AO 239, one form reflecting Plaintiff's financial resources and the other form reflecting her guardian's financial resources;

3. Within twenty-one (21) days of the date of this order, Plaintiff shall also present a showing satisfactory to the court that no appointment of a guardian ad litem is necessary to ensure adequate representation of the minor or a motion for the appointment of a guardian ad litem that meets the requirements of Local Rule

2

202(a); and

4.    If Plaintiff fails to comply with this order, this action shall be dismissed.

IT IS SO ORDERED.

Dated:    **May 22, 2026**

_____
UNITED STATES MAGISTRATE JUDGE